## THOMAS et al. v. UNITED STATES.

### No. 483.

United States District Court
W. D. Missouri, St. Joseph Division.

Jan. 5, 1949.

Brown, Douglas and Brown, of St. Joseph, Mo., for plaintiffs.

Sam A. Wear, U.S. Atty., and Thomas A. Costolow, Asst. U.S. Atty., both of Kansas City, Mo., for defendant.

DUNCAN, District Judge.

Plaintiffs filed their complaint under the Federal Torts Claims Act, Title 28, Sec. 931, United States Code, as amended by Title 28, §§ 2671–2680 U.S.C.A., seeking damages from the Government because of the loss of certain property alleged to have resulted from the throwing of water upon their property through the improper placing of dikes or revetments in the Missouri River. Plaintiffs allege that members of the Corps of Engineers of the War Department "carelessly and negligently planned and caused to be installed the said revetment at such angle to the main current of the Missouri River as to deflect and direct the flow of said current against and upon lands of the plaintiffs above described, when such employe or employees knew, or in the exercise of reasonable and ordinary care on their part would have known that the angle at which the said revetment was designed, specified and procured to be installed as aforesaid, would have the effect of deflecting the water flowing in the channel of said Missouri River against and upon the lands of the plaintiffs * * *".

The defendant has filed a motion to dismiss on the grounds (1) that the court lacks jurisdiction over the subject matter; (2) that the complaint fails to state a claim upon which relief can be granted in that

---

[13] United States v. Butler, 297 U.S. 1, 61, 56 S.Ct. 312, 317, 80 L.Ed. 477, 102 A.L.R. 914.

882

the complaint fails to allege negligence as a matter of law and the acts complained of are discretionary acts for which the United States is not liable under the provisions of the Federal Torts Claims Act, supra.

The respective parties have filed briefs but neither side has cited any authority under which the Federal Torts Claims Act is construed with respect to this type of litigation and I have been unable to find any authority on the subject.

If the court has any authority to entertain jurisdiction in the case it must be derived from the Federal Torts Claims Act. The authority for development of navigation on the Missouri River, as upon other navigable streams, is conferred by the Congress upon the Secretary of War under the supervision of the Chief of Engineers pursuant to plans which have been requested and submitted by the Chief of Engineers to the Congress specifying the projects and the manner in which they are to be carried out and developed. It is true, of course, that such plans are general and when they are authorized by the Congress, the method of carrying them out is delegated to the War Department. The Federal Torts Claims Act provides, in part, that:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680.

It is my view that the details or method of carrying out the plan as submitted to and accepted by the Congress for the development of navigable streams for navigation or for flood control under the direction of the Chief of Engineers of the War Department is a discretionary act within the meaning of Subsection (a) of Section 2680, Title 28 U.S.C.A. which would not render the Government liable for damage resulting from abuse of that discretion or any error or mistake made in carrying it out. The allegations of paintiffs' complaint, it seems to me, come clearly within this provision of the act and, therefore, allege no cause of action against the Government. The motion to dismiss should therefore be sustained.

It is therefore ordered, adjudged and decreed by the Court that plaintiffs' complaint be and it is hereby dismissed and that the defendant recover of plaintiffs its cost in its behalf expended.