## NASH–KELVINATOR CORP. v. CALIFORNIA REFRIGERATOR REPAIR SHOP.

### No. 11702.

United States District Court.
S. D. California, Central Division.
July 28, 1950.

Wm. Edward Hann, Los Angeles, Cal., for plaintiffs.

William C. Ring, Los Angeles, Cal., for defendant.

MATHES, District Judge.

This cause having come before the court for hearing on defendant's motion, filed July 7, 1950, to dismiss the action for lack of jurisdiction over the subject matter, Fed.Rules Civ.Proc. rule 12(b) (1), 28 U.S.C.A.; and the motion having been argued and submitted for decision; and it appearing to the court:

(a) that the motion in effect traverses the allegations of plaintiffs' complaint as to the requisite jurisdictional amount, Fed. R. Civ.P. 8(a) (1) and thus casts the burden upon plaintiffs to come forward with proof of the facts upon which the jurisdiction of this court depends, KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183;

(b) that upon a motion to dismiss for lack of jurisdiction over the subject matter, the court may receive and weigh affidavits as evidence, Fed.R. Civ.P. 43(a); Cal.Code Civ.P. § 2009 and need not treat the motion "as one for summary judgment" Fed.R. Civ.P. 12(b);

(c) that it appears from the complaint, The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716, that causes of action for injunctive relief and damages are asserted by plaintiffs. based upon claimed acts of unfair competition consisting *inter alia* of alleged unlicensed use by defendant of plaintiffs' trade names "Kelvinator" and "Leonard" within the Los Angeles area;

(d) that plaintiffs have failed in response to this motion to show actual or threatened damage of $3,000 or more proximately resulting from defendant's alleged acts of unfair competition, KVOS, Inc., v. Associated Press, supra, 1936, 299 U.S. 269, 279, 57 S.Ct. 197, 81 L.Ed. 183; cf. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Gibbs v. Buck, 1939, 307 U.S. 66, 75, 59 S.Ct. 725, 83 L.Ed. 1111;

(e) that the affidavits on file in opposition to this motion do however establish that the value of the exclusive right to use the trade names "Kelvinator" and "Leonard" in the Los Angeles area, see Stork Restaurant, Inc., v. Sahati, 9 Cir., 1948, 166 F.2d 348, which is the "matter in controversy" involved in plaintiffs' claim for injunctive relief, Beneficial Industrial

Loan Corporation v. Kline, 8 Cir., 1942, 132 F.2d 520, 525; Scalise v. National Utility Service, Inc., 5 Cir., 1941, 120 F.2d 938, 940; Indian Territory Oil & Gas Co. v. Indian Territory Illuminating Oil Co., 10 Cir., 1938, 95 F.2d 711, 713, certiorari denied, 1938, 305 U.S. 607, 59 S.Ct. 67, 83 L.Ed. 386, does far exceed "the sum or value of $3,000 exclusive of interest and costs". 28 U.S.C.A. § 1332.

It is now ordered that defendant's motion to dismiss for lack of jurisdiction be and is hereby denied.

It is further ordered that the Clerk this day serve this order by United States mail on the attorneys for the parties appearing in this action.