**OLSON v. UNITED STATES et al.**
**Civ. No. 2002.**

United States District Court
D. North Dakota, Northwestern
Division.
Sept. 13. 1950.

Hugh McCutcheon (of Bosard & Mc-Cutcheon), of Minot, N. D., for plaintiff.

P. W. Lanier, United States Attorney, of Fargo, N. D., for defendants.

VOGEL, District Judge.

This is an action for damages under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). It was originally instituted by the plaintiff against the United States of America and the United States Fish and Wildlife Service, a department or agency of the United States of America, defendants. Subsequently, this Court ordered the case dismissed as to the defendant United States Fish and Wildlife Service. The instant motion is one for dismissal as to the remaining defendant, United States of America.

Disregarding the allegations in the complaint referring to the defendant as to whom the case has already been dismissed, the complaint alleges that the plaintiff is the owner and is in possession of certain real property which adjoins or abuts the Souris River in McHenry County, North Dakota, and which property is located downstream from the Lake Darling Dam. The complaint further alleges that: "The defendant is the owner of, and controls, a certain dam located on the Souris River near Foxholm, North Dakota, known as the Lake Darling Dam; * * *." and that the defendant, through its agency, United States Fish and Wildlife Service, is the operator and manager of such dam.

"That said dam is primarily used for the storing of water for the purpose of propagating fish and ducks; that the defendant has control over the storing and release of water impounded there; that said defendant is the owner of all water so impounded above and beyond the normal flow of the river;"

"That the winter of 1948–1949 was a winter of exceptionally heavy snow in northwestern North Dakota upon the level of the ground, and that such snowfall completely blocked the channel of the said Souris River near Towner, North Dakota."

Paragraph 8 of plaintiff's complaint alleges: "That the defendant, by and through its agents, servants, or employees, on or about February 15, 1949 did wilfully and intentionally open the gates of the said Lake Darling Dam and release large quantities of impounded water into the channel of the Souris River, which water flowing down the natural channel of said river, subsequently, because of the said blocked channel above set forth, flowed over and upon and flooded the said winter feed lot of the plaintiff, causing the damages as hereafter set forth and which release was long prior to the normal spring run-off of the said river."

Plaintiff claims that because the defendant, through its agents, wilfully and intentionally opened the flood gates of the Lake Darling Dam, his real estate was flooded, some livestock were lost, and there was

damage to his house, furniture and other personal property in all totalling $3,365.

The Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), confers jurisdiction of "civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Section 2680 of the Act provides that it "shall not apply to—(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

In support of the Government's motion to dismiss, the United States Attorney cites the case of Coates v. United States, 8 Cir., 1950, 181 F.2d 816, 817. That was an action brought under the same Act with which we are here concerned for damages allegedly caused to plaintiffs' lands from continuing negligent acts of the Government in changing the course of the Missouri River. In sustaining the trial court's dismissal on the ground that the plaintiffs' claim fell within the "discretionary function" exception of the Federal Tort Claims Act, the Court of Appeals for this Circuit stated: "It would be difficult if not impossible to point to any example of exercising and performing discretionary functions and duties on the part of federal agencies more clearly within the exception of the Federal Tort Claims Act than the changing of the Missouri River under legislative and executive sanction pursuant to political and discretionary decisions of the highest governmental order on which the plaintiffs have chosen to base their claim of negligence in this case. We have found no merit in their contention that their claim as stated in their complaint may be found to fall within the jurisdiction conferred by the Act."

Counsel for the plaintiff attempt to distinguish the Coates case from the facts at bar by pointing out that the plaintiff has pleaded "deliberate and intentional" negligence and that in the Coates case there was no "open, plain and visible act of negligence" involved. Plaintiff does allege that the defendant, through its agents, "did wilfully and intentionally open the gates at the said Lake Darling Dam and release large quantities of impounded water into the channel of the Souris River * * *" causing the damage complained of. The complaint also alleges that "the defendant knew, or had reason to know, or by the use of ordinary care and diligence ought to have known that said river channel was blocked by snow and ice * * * and that the release of said water from said dam was done in a negligent and careless manner and without due regard to the rights and safety of the property of the plaintiff herein and that this plaintiff's damage resulted directly from the negligent acts of said defendant, its agents, servants, or employees."

Regardless of the wording or form of the allegation, if the acts complained of find their basis in "the exercise or performance or the failure to exercise or perform a discretionary function or duty", then the exception is applicable and the motion to dismiss must be granted.

The Souris River, as alleged in the complaint, "is a natural water course originating in Canada and which flows through a portion of North Dakota before circling back" across the international boundary line into Canada. The United States of America, with the purpose of storing water for the propagating of fish and wildlife, erected and now controls the Lake Darling Dam. It is patent that in the control of the dam, the purpose of which was to hold back flood waters, the representatives of the United States must exercise discretionary functions. *When* flood waters are to be released and *how much* water is to be released certainly calls for the exercise of

judgment; in other words, the performance of a discretionary function. Owners of abutting property *above* the Lake Darling Dam would very probably not agree with the owners of abutting property *below* the Lake Darling Dam as to when and how much flood water should be released. It is easy to imagine that the Government's employees in charge of the dam might themselves not agree as to when was the best time to release water and what was the best amount of water to be released.

Regardless of the use of the words "negligent act", "wilfully and intentionally" and "lack of ordinary care and diligence", the complaint clearly indicates that the Government employees were engaged in the performance of discretionary functions or duties in the release or impounding of flood waters by use of the Lake Darling Dam. The exception specifically provides that the Act shall not apply " * * * whether or not the discretion involved be abused." At best, the complaint alleges the abuse of a discretionary function. In other words, the United States had the discretion to release impounded waters when and in what amounts it, through its agents, should determine proper. The agents abused that discretion by releasing water when it was unnecessary or improper. That abuse of discretion comes within the purview of the exception. The Government's agents did not open the gate in the dam in a negligent manner. They merely abused their discretion as to *when* to open it. A holding to the contrary would violate Congressional intent. It would also be an invitation for a multitude of suits by persons who would disagree with the Government's agents as to when and how much flood water should be released or retained. In other words, it would be allowing a recovery against the Government for the negligent performance, or abuse, of a discretionary function— something the exception was intended to exclude.

If plaintiff herein has suffered a damage as alleged in the complaint, he must seek other methods of recovery for his unfortunate loss. This case must be dismissed.

It will be so ordered.