**STATE OF CALIFORNIA, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. 7264.**

United States District Court
N. D. California, N. D.

April 18, 1957.

Raymond H. Williamson, Deputy Atty. Gen., of the State of California, for plaintiff.

Lloyd H. Burke, U. S. Atty., and William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HALBERT, District Judge.

This is an action by the State of California, as plaintiff, to recover damages on four separate causes of action set forth in its complaint. Each cause of action arises out of substantially the same set of alleged acts of defendant. Jurisdiction over this action has been conferred upon this Court under the provisions of Chapter 477, Public Law 488, 83rd Congress, 2d Session, Act July 14, 1954 (68 Stat. 471; see also House Report No. 660, 83d Congress, 1st Session, and Senate Report No. 1309, 83d Congress, 2d Session). It is alleged in plaintiff's complaint that between the dates of May 10 and May 14, 1948, the defendant, acting through its agents and employees, diminished and stopped the flow of water from the Shasta Dam on the Sacramento River, and that as a result of this alleged act by defendant, extensive damage was inflicted upon certain levees and banks along the Sacramento River from Colusa to a point approximately four miles downstream from Knights Landing.

Plaintiff's asserted first and second causes of action are grounded on the theory that the act of diminishing and stopping the flow of water from the Shasta Reservoir (first cause of action) and the rate by which said flow was diminished and stopped (second cause of action) constituted actionable negligence within the meaning of the Federal Tort Claims Act (Title 28 U.S.C.A. §§ 1346(b) and 2671 et seq.). The third

cause of action is predicated on the theory that certain Congressional enactments and California legislative enactments (set forth in paragraph II of plaintiff's complaint) created a statutory contract between defendant and plaintiff for their joint participation in the Sacramento River Flood Control Project, and that an implied covenant of the contract, not to hinder or make more burdensome their respective performances, was breached by defendant when it diminished and stopped the flow of water from the Shasta Reservoir. The fourth cause of action is based on the theory that defendant, under the law of eminent domain, should be required to pay just compensation for the levees and banks which buckled and were washed away as a result of the diminished flow of water from the dam.

Defendant has filed a motion to dismiss all four causes of action asserted by plaintiff. It contends that the alleged acts of negligence, set forth in the first and second causes of action, involved the exercise of discretion, thereby relieving the Federal Government from tort liability under the provisions of Title 28 U.S.C.A. § 2680(a). Defendant also claims that there are no facts alleged to show the existence of a statutory contract or an implied contract, and the absence of such facts renders the third cause of action subject to a motion to dismiss. Defendant further claims that compensation for the lost levees and banks sought by the fourth cause of action cannot be recovered for two reasons, namely: 1. The levees and banks were subject to defendant's dominant navigation servitude, which renders their loss uncompensable; and 2. the complaint does not contain allegations sufficient to show that defendant intended to "take" the levees and banks.

■■■■ The "discretionary function" exception to the Federal Government's liability for negligence under the Federal Tort Claims Act (Title 28 U.S.C.A. § 2680(a) has, at best, been a troublesome concept to apply to any given set of facts. In interpreting this provision, the United States Supreme Court has indicated that in order for an act by the Federal Government to fall within the exception, it must involve the exercise of discretion on a "planning" or policy-making level of operations, as distinguished from the exercise of discretion at a subordinate or "operational" level of operations (Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L. Ed. 1427; United States v. Union Trust Co., 350 U.S. 907, 76 S.Ct. 192, 100 L. Ed. 796; [95 U.S.App.D.C. 189, 221 F.2d 62]). In the Circuit Court's (District of Columbia) opinion in the Union Trust Co. case, supra, (affirmed without opinion by the Supreme Court) it was pointed out that there is a clear distinction between "nonactionable planning and actionable negligence in carrying out the plan" (221 F.2d at page 77), indicating a further refinement of the "planning" and "operational" dichotomy. In the case at bar, too many unknown factors surround the chain of events leading to the decision by defendant to diminish the flow of water from Shasta Reservoir, for the Court to fairly resolve the issue at this stage of the proceedings. It cannot be determined on the record now before the Court whether any discretion was involved in the Federal Government's decision; if so, whether such discretion was exercised on the planning or operational level of operations, and whether the other requisite elements of actionable negligence are present. Since these questions can only be determined after a consideration of factual evidence, defendant's motion to dismiss the first and second causes of action, set forth in plaintiff's complaint, must be denied at this time.[1]

1. That a complaint should not be dismissed on the ground that it fails to state a cause of action "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim" is a principle too well established to require the citation of much authority. (2 Moore, Federal Practice, § 12.08; Bulloch v. United States, D.C., 133 F.Supp.

The legislation cited by plaintiff in paragraph II of the complaint to support the *ex contractu* theory of the third cause of action clearly manifests a general contractual basis for joint federal and state operations on the Sacramento River Flood Control Project (See in particular: § 12648, California Water Code; Public Law No. 392, 75th Congress, 1st Session, Chapter 832, Act Aug. 26, 1937 (50 Stat. 844, 849); and Public Law No. 228, 77th Congress, 1st Session, Chapter 377, Act Aug. 18, 1941 (55 Stat. 638, 647). See also Reclamation District No. 1500 v. Sutter Basin Corp., 121 Cal. App.2d 537, 263 P.2d 348 [reaching a similar conclusion on the basis of these statutes]). There can be no doubt that a State is permitted to enter into a contractual arrangement with the United States through the process of legislation in order to implement state and federal public policy (Steward Machine Co. v. Davis, 301 U.S. 548, 597, 57 S.Ct. 883, 81 L.Ed. 1279).

It is a general rule of contract law that each party impliedly covenants not to hinder, prevent or make more burdensome the other party's performance. A breach of this covenant may, in some cases, be construed as a failure of a condition precedent, thereby relieving the other party from the duty of counterperformance under the terms of the contract, and providing him with a defense to an action on the contract (Vanadium Corp. of America v. Fidelity & Deposit Co. of Md., 2 Cir., 159 F.2d 105; Restatement of Contracts, § 395,

comment c). A breach of this covenant may, on the other hand, be construed as an actual breach of the contract, thereby giving the other party a cause of action on the contract (Restatement of Contracts, § 315(1); and cf. Brown v. Superior Court, 34 Cal.2d 559, 212 P.2d 878). As against a motion to dismiss, the allegations of plaintiff's complaint appear sufficient to entitle it to proceed on the latter theory. Accordingly, defendant's motion to dismiss the third cause of action set forth in plaintiff's complaint must be denied.

Defendant's contention that the lost levees and banks were subject to defendant's dominant navigation servitude, rendering their loss uncompensable under the law of eminent domain, is not supported by the statutory history of the Sacramento River Flood Control Project. In 1937, when Congress reauthorized the project, it made express declarations of policy to the effect that the purposes behind the project should be: first, improve navigation, regulate river flow and control floods; second, make the river available for increased irrigation and domestic use; and third, to facilitate the expansion of power facilities (Chapter 832, Public Law No. 392, 75th Congress, 1st Session, 50 Stat. 844). In 1941, Congress, in making additional appropriations for the project, emphasized the flood control and levee and bank protection aspects of the project (Chapter 377, Public Law No. 228, 77th Congress, 1st Session, 55 Stat. 638, 647). In 1944, Congress, in making an additional appropriation for the Sacra-

885). Few cases under the Federal Tort Claims Act are dismissed prior to the taking of some evidence. Less than half of the cases cited by defendant in support of its contention that the act of negligence alleged by plaintiff involved the exercise of a discretionary function were dismissed on the pleadings alone (Coates v. United States, 8 Cir., 181 F.2d 816, 19 A.L.R.2d 840; Mid-Central Fish Co. v. United States, D.C., 112 F.Supp. 792; Olson v. United States, D.C., 93 F.Supp. 150; and Thomas v. United States, D.C., 81 F.Supp. 881), and in each of these cases no issues of material fact were

tendered by the pleadings. Judgments in favor of the United States in the other cases cited (Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427; United States v. Ure, Or., 225 F.2d 709; Bartholomae Corporation v. United States, D.C., 135 F.Supp. 651; Barroll v. United States, D.C., 135 F.Supp. 441; Lauterbach v. United States, D.C., 95 F. Supp. 479; North v. United States, D.C., 94 F.Supp. 824; Boyce v. United States, D.C., 93 F.Supp. 866; and Atchley v. Tennessee Valley Authority, D.C., 69 F. Supp. 952) were rendered only after some consideration of evidence.

mento River and other projects, minimized the navigation purposes of the projects, and made clear, at the same time, its policy to encourage water control and utilization by the States to the fullest extent (Chapter 665, Public Law 534, 78th Congress, 2d Session, Act Dec. 22, 1944, 58 Stat. 887, 900).

In United States v. Gerlach Live Stock Co., 339 U.S. 725, 70 S.Ct. 955, 94 L. Ed. 1231, the Supreme Court reached the conclusion that Congress did not intend "to invoke its navigation servitude as to each and every one of" the separate and coordinated projects forming part of the whole Central Valley Project (of which the Sacramento River Flood Control Project is a part), and that Congress legislated to effectuate policies, many of which were unrelated to navigation.

In view of the multi-purpose aspect of this project, as discerned from the Congressional legislation and the Gerlach decision, to hold that lost banks and levees were subject to defendant's dominant navigation servitude would be to take an unrealistic approach.

As indicated above, defendant has cited a second reason why plaintiff's fourth cause of action should be dismissed. Defendant contends that before an act by the sovereign, having the effect of depriving a landowner of his property, may constitute a compensable taking under the law of eminent domain, it must first be shown that the Government intended to appropriate such property. This rule, however, does not necessarily require that the Government expressly intend by its act (or acts) the appropriation of the specific property involved, but may be satisfied by a showing that the property was actually taken as a direct and foreseeable consequence of an intentional and deliberate act by the Government (Sanguinetti v. United States, 264 U.S. 146, 149, 44 S.Ct. 264, 68 L.Ed. 608; Columbia Basin Orchard v. United States, Ct.Cl., 132 F.Supp. 707; and cf.: Bartholomae Corporation v. United States, D.C., 135 F.Supp. 651). Plaintiff has made allegations of fact, which, if proven, would be sufficient to satisfy this rule, hence, a dismissal of this cause of action, on this ground, at this time, would be manifestly improper. For the foregoing reasons, the defendant's motion to dismiss the fourth cause of action, set forth in plaintiff's complaint, must be denied.

It is, therefore, ordered that defendant's motion to dismiss the plaintiff's complaint on file in this case be, and it is, hereby denied.