Jack L. SISLEY and Glen A. Shank,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 13287.

United States District Court
D. Alaska.

Feb. 19, 1962.

David H. Thorsness, of Hughes & Thorsness, Anchorage, Alaska, for plaintiffs.

Weyman I. Lundquist, Asst. U. S. Atty., Anchorage, Alaska, for defendant.

HODGE, District Judge.

Plaintiffs bring this action under the provisions of the Federal Tort Claims Act (Section 1346(b), Title 28 U.S.C.A.) claiming damages for negligent acts and omissions of agents of the Alaska Road Commission, a Government agency, in the construction of the surface of a public highway known as the Glenn Highway, near Palmer, Alaska, by reason of which the natural flow of surface water, which had previously flowed away from plaintiffs' property over the surface of the highway, was diverted to the property of the plaintiffs, causing damage. The negligent acts complained of are alleged to consist of raising the level of the surface of the road so as to prevent the normal flow of surface water away from plaintiffs' property; negligently constructing the road base so as to prohibit the flow of surface water underneath the surface of the road, and negligently failing to provide culverts, or adequate culverts, underneath the highway, so as to allow a normal flow of surface water away from plaintiffs' land.

Defendant has moved to dismiss the action for want of jurisdiction upon the grounds that the acts upon which the charge is based were within the exceptions to sovereign immunity for tort claims provided by Section 2680, Title 28.[1]

The provision in this exclusion that the Government is not liable for claims based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty has been

---

1. Section 2680 provides as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

the subject of many opinions in the federal courts. Prior to the opinion of the Supreme Court in the case of Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, the district courts had held in a number of cases that such exception applied to cases of flooding of lands by reason of the construction of dikes and other public works. Thomas v. United States, (D.C.Mo.) 81 F.Supp. 881; Coates v. United States, (C.A. 8) 181 F.2d 816, 19 A.L.R.2d 840 (Anno. p. 845); Boyce v. United States, (D.C.Ia.) 93 F.Supp. 866; Olson v. United States, (D.C.N.Dak.) 93 F.Supp. 150; North v. United States, (D.C.Utah) 94 F.Supp. 824.

Dalehite v. United States was an action to recover damages for a death resulting from a disastrous explosion in Texas City, Texas, of ammonium nitrate fertilizer produced at the instance and according to specifications and under the control of the United States. After reviewing the legislative history and purpose of the Tort Claims Act and in discussing the discretionary exemption the court announced the following test:

> "It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. * * * "

It is said that later decisions of the Supreme Court in the case of Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48, and Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354, have enlarged upon the narrow construction of the Dalehite case, to carry out the purpose and intent of the Tort Claims Act

to compensate victims of negligence in the conduct of Government activities in the same manner as individuals would be liable. However, the test in determining the issue of a discretionary function remains unchanged.

In determining this jurisdictional question reference may be had to the uncontroverted affidavit of M. C. Zimmerman, District Engineer, Anchorage District Office, Bureau of Public Road, and exhibits referred to therein, under the provisions of Rules 12(b) and 43(a) F.R. Civ.P., 28 U.S.C.A. Nash-Kelvinator Corp. v. California Refrig. R. Shop, (D.C.Cal.) 11 F.R.D. 313; Williams v. Minnesota Mining & Manufacturing Co., (D.C.Cal.) 14 F.R.D. 1. Such affidavit and exhibits show that the Alaska Road Commission and its successor Bureau of Public Roads were charged by Act of Congress with the execution of laws pertaining to the construction and maintenance of public roads in the Territory of Alaska, including the planning, engineering, grading and paving of such roads, and that pursuant to such authority the Chief Engineer of the Alaska Road Commission designed a plan for the grading and surfacing of the Glenn Highway in the area which is the subject of plaintiffs' complaint, and awarded a contract for grading and paving the highway, and that the contractor did at all times grade such portions of the highway in strict conformity with said plan and contract and all specifications incident thereto, which grading and paving under said plan was accepted by the Commissioner of Roads. It is apparent that such function is generally within the exception as to discretionary functions performed by said agency. In fact, plaintiffs concede that the acts of constructing the highway and deciding where the highway should be built are discretionary functions, but contend that where the Government undertakes an act it may not be negligent in the performance thereof and must exercise due care, in what the Supreme Court has characterized as the "operational level" of governmental activity.

Clearly the acts here complained of relating to the planning of the construction of the grade and culverts in the improvement of the Glenn Highway are not negligent acts committed by a Government employee on the "operational level" but are acts calling for the exercise of judgment and discretion in the planning of the highway. Errors in judgment, if such may be found, are not negligence in construction. These plans were the result of policy judgment and decision and as we have noted, where there is room for such there is discretion. This view conforms to what is believed to be the true intent of this important exception. Otherwise the Government would be liable to a property owner for every error of judgment in the planning and construction of public roads.

The situation here is not comparable to such case as Indian Towing Co. v. United States, supra, relating to negligence in failing to maintain a Coast Guard lighthouse properly; or Rayonier v. United States, supra,—negligence of an employee of the United States in allowing a fire to start on Government land and in failure to exercise due care to put it out; or American Exch. Bank of Madison, Wis. v. United States, 7 Cir., 257 F.2d 938,—failing to provide a railing on Post Office steps;[2] or Johnston v. District of Columbia, 118 U.S. 19, 6 S.Ct. 923, 30 L.Ed. 75, relating to negligence in sewer maintenance; or Eastern Air Lines v. Union Trust Company, 95 U.S. App.D.C. 189, 221 F.2d 62,—negligence of a tower operator resulting in the collision of two airplanes. This situation is also wholly unlike the hypothetical example suggested by plaintiffs of a United States mail truck driver, in a hurry to deliver a load of mail, deciding to proceed across a crowded intersection in front of oncoming traffic, where, although he exercises "discretion" in mak-

ing such decision, such act was wholly negligent.

Defendant also pleads the statute of limitations for the reason that the negligent acts complained of occurred in 1949 or 1950, whereas the damage claimed did not occur until several years later, but in view of the decision on the issue of jurisdiction, this question need not be determined.

The motion to dismiss must be granted. Judgment dismissing the action with prejudice may be presented.

2. In this case the Circuit Court, while holding that undoubtedly there was an exercise of discretion in deciding whether and where a Post Office Building should be located, stated that whether a hand rail should be installed as a safety measure on wide stone steps involved action at the operational level and "would seem to involve no more discretion than fixing a sidewalk on the Post Office grounds that might be in need of repair."