**Leroy A. COLIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 17763-3.**

United States District Court, W. D. Missouri, W. D.

Nov. 23, 1970.

Thomas J. Conway, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, Mo., for plaintiff.

Paul Anthony White, Asst. U. S. Atty., W. D. Missouri, Kansas City, Mo., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT BY INTERLINEATION

WILLIAM H. BECKER, Chief Judge.

This is an action brought by plaintiff under the Federal Tort Claims Act for injuries allegedly sustained by him as the result of the negligent operation of an Air Force vehicle by its driver. Plaintiff, after the close of discovery in this case, has moved to amend his complaint to increase the ad damnum clause from $250,000.00 to $500,000.00 In support of the motion, plaintiff states the following:

"Plaintiff asks leave of court to amend his prayer in his complaint. Since this accident happened over three years ago and plaintiff has been unable to work, and his doctors all agree that he will be unable to be gainfully employed for the rest of his life, plaintiff feels that he should be entitled to a judgment for $500,000.00 since his lost wages will amount to over $200,000.00 and the pain and suffering he will sustain for the rest of his life demand increased compensation over the amount prayed for in his amended complaint."

The Government opposes the motion, stating as follows:

"1. Plaintiff initially filed a claim in compliance with provisions of 28 U.S. C. 2675(a) with the Department of the Air Force for $300,000.00 for alleged bodily injuries sustained as a result of an automobile accident involving an Air Force vehicle, all of which constitutes the subject matter of the instant suit.

"2. Section 2675(b), Title 28, U.S.C., provides as follows:

"'Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.'

"3. Plaintiff neither in his application for leave to amend his Complaint by interlineation nor by suggestions in support of his application for leave to amend by interlineation sets forth any facts which can be construed as newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, nor does he allege any intervening facts relating to the amount of the claim."

The law is clear that, in the absence of newly-discovered evidence or "intervening facts" which plaintiff does not state, plaintiff's recovery in this Court is limited to the amount which he asked for in presenting his claim to the federal agency. Defendant therefore contends that he is limited to asking for $300,000.00. But plaintiff may ask for more, though he may be limited to re-

covery of the amount presented to the federal agency on proof of that amount by defendant. Plaintiff may conceivably show newly discovered evidence or intervening facts at the trial. It has been held that Section 2675(b) imposes a limitation "merely upon the amount recoverable." Rudd v. United States (M.D.Ala.) 233 F.Supp. 730, 734. Plaintiff will therefore be granted leave to amend his complaint by interlineation to demand $500,000.00. It is therefore

Ordered that plaintiff's motion to amend his complaint to demand damages in the sum of $500,000.00 be, and it is hereby, granted. It is further

Ordered that counsel for plaintiff accomplish the amendment by interlineation in the Court file within five days from the date of entry of this order.