Carl B. McCARTER

v.

UNITED STATES of America.

Civ. A. No. 8254.

United States District Court,
E. D. Tennessee, N. D.

July 19, 1973.

Robert L. Ogle, Jr., Ogle & Schmutzer, Sevierville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

### MEMORANDUM AND ORDER

ROBERT L. TAYLOR, District Judge.

Defendant, United States of America, has filed a motion in this Court pursuant to Title 28 U.S.C. § 2675(b) to reduce the damages sought by the plaintiff from the $10,000.00 claimed in his complaint to $926.00 as claimed before the Post Office Department. Defendant further moves, pursuant to Title 28 U.S.C. § 2402, to strike that portion of plaintiff's complaint requesting a trial by jury on the ground that all actions under the Federal Tort Claims Act shall be tried by the Court without a jury.

The United States relies upon the cases of Singer v. United States, 186 F. Supp. 131 (E.D.N.Y.1960) and Rudd v. United States, 233 F.Supp. 730 (M.D. Ala.1964) for its position that a plaintiff in an action brought in Federal Court under the Federal Tort Claims Act is limited to that amount sought in his original claim filed before the appropriate agency. As a generalization, this proposition is sound.

However, Title 28 U.S.C. § 2675(b) recognizes that this rigid standard need not obtain in every instance and provides exceptions to the general rule of limitation, and states in pertinent part:

". . . where the increased amount is based upon newly discov-

ered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

Plaintiff, by way of affidavit, informs the Court that he is a man with only an eighth grade education and, when presented the claim form, he took it to his insurance agent for assistance in filling it out. He took all damage estimates and medical bills, and when asked questions regarding the amounts involved he recited those amounts to the insurance agent who transcribed them onto the form. Plaintiff further states that at the time the claim form was filled out and filed he was not aware that he was entitled to additional compensation for lost wages and pain and suffering. He did not discover this until after his claim had been denied and he had retained an attorney to file this action.

■ It is the opinion of the Court that plaintiff's claim falls within the exceptions to the general rule as stated in Title 28 U.S.C. § 2675(b) and that the case under consideration presents exceptional factors as that would allow plaintiff to claim an amount greater than that which was claimed before the agency. (See Bonner v. United States, 339 F.Supp. 640 (D.C.La.1972); Colin v. United States, 324 F.Supp. 121 (D.C. Mo.1970); Little v. United States, 317 F.Supp. 8 (E.D.Pa.1970); Rabovsky v. United States, 265 F.Supp. 597 (D. Conn.1967).)

■ Regarding defendant's motion to dismiss that portion of plaintiff's complaint demanding a jury trial, it is the opinion of the Court that said motion is well taken. (Title 28 U.S.C. § 2402).

Accordingly, it is ordered that defendant's motion pursuant to Title 28 U.S.C. § 2675(b) to reduce the ad damnum to $926.60 should be, and the same hereby is, denied, and that defendant's motion

pursuant to Title 28 U.S.C. § 2402 to strike plaintiff's demand for a trial by jury should be, and the same hereby is, granted.