Karen Kennedy MOFFITT et vir., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CIV–2–76–17.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 16, 1976.

Howell H. Sherrod, Jr., Johnson City, Tenn., for plaintiffs.

John L. Bowers, U. S. Atty., and Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., seeking money damages from the national sovereign for personal injury allegedly caused by the negligence of its personnel while acting within the scope of their employment. 28 U.S.C. § 1346(b). The defendant moved for a dismissal, *inter alia,* on the ground that the suit is barred by the statute of limitations and that, accordingly, the Court is without jurisdiction of the subject matter. Rule 12(b)(1), Federal Rules of Civil Procedure.

The Congress has provided that " * * * [a] tort claim against the United States shall be forever barred * * * unless [the] action is begun within six months after the date of mailing * * * of notice of [the] denial of the claim by the agency to which it was presented. * *" 28 U.S.C. § 2401(b). It is undisputed that, on August 28, 1975, the plaintiffs' administrative claim against the United States Postal Service, made pursuant to 28 U.S.C. § 2675, was formally denied by the mailing to the plaintiffs notice of its denial. The six-month period immediately following expired on February 29, 1976. However, since such day was a Sunday, the plaintiffs had until the following Monday, March 1, 1976, in which to commence this action. Rule 6(a), Federal Rules of Civil Procedure. The complaint herein bears on its face the legend "FILED MAR 2 1976", yet also appearing thereon is the following handwritten notation: "Lodged 10:00 a. m. Tues. Feb. 25, 1976 Irene Keasling Deputy."

Such deputy clerk of this Court advises that, although the complaint was actually received in the clerk's office on February 25 and was so marked as "lodged", it was not then stamped as "filed" because it was not accompanied by the required civil cover sheet, the marshal's service form, or sufficient copies of the complaint necessary for service of process. Accordingly, it was not formally stamped as filed until such deficiencies were corrected by the plaintiffs' attorney after he was promptly notified of the same by telephone. The complaint was, however, within the physical possession of the clerk on February 25, 1976.

A civil action is commenced by filing the complaint with the Court. Rule 3, Federal Rules of Civil Procedure. " * * * The phrase 'filing a complaint,' as used in Rule 3, means nothing more than delivery to an officer of the court authorized to receive it—under Rule 5, the clerk of the court. * * *" *Robinson v. Waterman S. S. Co.,* D.C.N.J. (1947), 7 F.R.D. 51, 54[7]; accord: 4 Wright & Miller, Federal Practice and Procedure: Civil 168–169 § 1052. " * * * Papers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court. * * *" 4 Wright & Miller, *supra,* at 599, § 1153; accord: *United States v. Nunley,* D.C.Tenn. (1972), 369 F.Supp. 171, 172[1].

■ It is thus clear that the complaint herein was " * * * fil[ed] with the court * * *" within the applicable six-month period of limitations, even though it was not stamped as "filed" until after the expiration of such time. It results that the motion of the defendant for a dismissal on such ground hereby is OVERRULED. By such ruling, the motion herein by the plaintiffs for a "finding of fact" that this action was timely commenced has been rendered MOOT.

■ The defendant also moved for a dismissal on the ground that this action falls into certain exceptions to the Federal Tort Claims Act, *supra,* so that the Court lacks

jurisdiction of the subject matter.* Rule 12(b)(1), Federal Rules of Civil Procedure. It is contended that this is a " * * * claim arising out of [an] assault [or] battery * * * ", 28 U.S.C. § 2680(h), and that such " * * * claim * * * [is] based upon the exercise or performance or the failure to exercise or perform a discretionary function * * * ", 28 U.S.C. § 2680(a). Such exceptions are jurisdictional. *United States v. Taylor, supra,* 236 F.2d at 652[2]; *Dalehite v. United States* (1953), 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427, 1438 (headnote 7); *Konecny v. United States,* C.A. 8th (1967), 388 F.2d 59, 62[2–5].

The thrust of the plaintiffs' claim is that Mr. Douglas Forbes, a mail carrier of the United States Postal Service, " * * * seized [the female plaintiff], threatened her with a deadly weapon and proceeded to sexually assault her and abuse her. * * * " It is further averred that this " * * * was a direct, proximate and foreseeable consequence of the negligence of the Postal Service in hiring and retaining [such carrier] in their employ when they knew or should have known of his mental derangement and the danger he posed to their patrons. * * * "

▉ In determining whether a complaint states a claim falling within any of the exceptions provided by the aforecited statutory provisions, the substance of the plaintiffs' claim, and not the language used in stating it, is controlling. *Gaudet v. United States,* C.A. 5th (1975), 517 F.2d 1034, 1035[5]. The crucial issue is, not whether the plaintiffs assert their claim in charges of negligence, but whether Congress intended to bar this type of suit, under whatever legal theory brought, by expressly limiting the waiver of governmental immunity in the Federal Tort Claims Act, *supra. Cf.*

35 Am.Jur.2d 306–307, Federal Tort Claims Act § 14. Such exceptions may not be overcome " * * * merely by the artistry of * * * pleading. * * * " *Coffey v. United States,* D.C.Conn. (1975), 387 F.Supp. 539, 540[2].

▉ In enacting the aforecited statutory exemption for the intentional torts " * * * [u]ppermost in the collective mind of Congress were the ordinary common-law torts. * * * " *Dalehite v. United States, supra,* 346 U.S. at 28, 73 S.Ct. at 964, 97 L.Ed. at 1436–1437 (headnote 4). The law of the place where the act occurred is controlling. 28 U.S.C. § 1346(b); *United States v. Muniz* (1963), 374 U.S. 150, 153, 83 S.Ct. 1850, 1852, 10 L.Ed.2d 805, 809 (headnote 2); *Feres v. United States* (1950), 340 U.S. 135, 142, 71 S.Ct. 153, 157, 95 L.Ed. 152, 159 (headnote 3). In determining the "law of the place" the Court is required to look to " * * * the principles of law developed in the common law and refined by statute and judicial decision. * * * " *Richards v. United States* (1962), 369 U.S. 1, 7, 82 S.Ct. 585, 589, 7 L.Ed.2d 492, 496 (headnote 2). By " * * * the weight of authority * * * the exclusions in § 2680(h) of the so-called 'intentional torts' are to be read in their usual, legalistic sense. * * * " *Lambertson v. United States,* C.A. 2d (1976), 528 F.2d 441, 445 (Oakes, J., concurring opinion).

▉ In Tennessee, where the act involved herein is alleged to have occurred, it is elementary that " * * * '[t]here cannot be an assault and battery * * * without a willful injury of the person upon whom the wrong is inflicted. The word "willful" * * * means nothing more than intentional.' * * * " (Citations omitted.) *Kite v. Hamblen* (1951), 192

---

* The defendant also advanced as grounds for dismissal the lack of the Court's jurisdiction of its person and the failure of the plaintiffs to state a claim upon which relief can be granted. Rules 12(b)(2), (6), Federal Rules of Civil Procedure. Since such motions are based upon the exceptions to the Federal Tort Claims Act contained in 28 U.S.C. § 2680, they go to the Court's jurisdiction of the subject matter, and thus will appropriately be viewed as motions under Rule 12(b)(1), Federal Rules of Civil Procedure. *United States v. Taylor,* C.A. 6th (1956), 236 F.2d 649, 652[2], motion to remand denied (1957), 353 U.S. 956, 77 S.Ct. 862, 1 L.Ed.2d 907, certiorari dismissed (1958), 355 U.S. 801, 78 S.Ct. 6, 2 L.Ed.2d 19; *Gibson v. United States,* C.A. 3d (1972), 457 F.2d 1391, 1392 n. 1.

Tenn. 643, 646, 241 S.W.2d 601, 603[2]. " * * * An indispensable element of the evidence necessary to support [an assault or battery] cause of action is that the striking is willful and intentional. * * * " *Ibid.,* 241 S.W.2d at 603[3]; accord: 6A C.J.S. Assault and Battery § 9, p. 329. The complaint herein alleges that, at the time of the purported attack by Mr. Forbes, he " * * was in a state of mental derangement. * * * " The plaintiffs (by brief) contend that there is a question of fact " * * * relating to the ability of [Mr.] Forbes in his mental condition to have control of his mental processes necessary for the formation of the requisite mental element of intent required by definition before an assault [or battery] can arise. * * * "

■ It is obvious from the foregoing that this factual issue must be resolved by proof before the Court can make a determination, whether this is in essence a " * * claim arising out of [an] assault [or] battery * * * ", 28 U.S.C. § 2680(h). Where the attacking federal employee was alleged to have been " * * * then and there under the influence of narcotics * * * ", it was held that the district court's dismissal under § 2680 was error, since " * * * this would be a question of fact * * * and not a matter of law determinable on the pleadings. * * * " *Gibson v. United States, supra,* 457 F.2d at 1396[4]. The cases of *Collins v. United States,* D.C.Pa. (1966), 259 F.Supp. 363, and *Lambertson v. United States, supra,* are inapposite since, in each, there was missing one crucial factor present herein: the issue of the employee's mental capacity at the time he acted which is necessary for either of these intentional torts. Accordingly, the motion of the defendant for a dismissal on such ground hereby is OVERRULED under the present state of this record.

■ The Congress has also released the national sovereign from tort liability " * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [g]overnment, whether or not the discretion involved be abused. * * * " 28 U.S.C. § 2680(a). The discretionary-function exemption affords the government a defense " * * * [w]here there is room for policy judgment and decision * * * ", but not when its employees are under a duty imposed by law to perform a mandatory act. *Dalehite v. United States, supra,* 346 U.S. at 36, 73 S.Ct. at 968, 97 L.Ed. at 1440–1441 (headnote 10). " * * * Basically, the exemption for discretionary functions seeks to insulate from judicial inquiry the propriety of basic policy decisions made by officials of coordinate branches of government in whom are vested broad and pervasive decision-making responsibility." *Downs v. United States,* D.C.Tenn. (1974), 382 F.Supp. 713, 747[23].

■ Whether the negligence alleged herein, i. e., the Postal Service's " * * * hiring and retaining [of Mr.] Forbes * * * ", was the exercise of such a discretionary function involves a factual determination which also cannot be made upon the present record. Where the government's motion to dismiss on the ground of the discretionary-function exception raises issues of fact, then such motion must be denied. *Huffmaster v. United States,* D.C. Cal. (1960), 186 F.Supp. 120, 124[9]; *State of California v. United States,* D.C.Cal. (1957), 151 F.Supp. 570, 572[2]; see also anno: 99 A.L.R.2d 1016, 1028–1030 § 10. " * * * Few cases under the Federal Tort Claims Act are dismissed prior to the taking of some evidence. * * * " *State of California v. United States, supra,* 151 F.Supp. at 573 n. 1. For such reason the defendant's motion for a dismissal on such ground is hereby

OVERRULED.

■ The plaintiffs' demand for a jury trial herein is lacking of merit, 28 U.S.C. § 2402; *United States v. Neustadt* (1961), 366 U.S. 696, 701, 81 S.Ct. 1294, 1297, 6 L.Ed.2d 614, 618 n. 10, and the same is hereby

STRICKEN. *McCarter v. United States,* D.C.Tenn. (1973), 373 F.Supp. 1152, 1153[2].