**Menair E. BULLION et ux.**

**v.**

**Calvin C. LIVESAY et al.**

**No. CIV–2–79–1.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 29, 1979.

Gary E. Brewer, Morristown, Tenn., for plaintiffs.

John H. Cary, U. S. Atty. by Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

■ Upon motion of the United States attorney of this district and his showing that the Attorney General has certified that at the time of the incident out of which this suit arose the defendant Mr. Calvin C. Livesay was an employee of the United States of America and acting within the scope of that employment, it hereby is ORDERED that the United States of America be SUBSTITUTED for Mr. Livesay as the party defendant herein. 28 U.S.C. § 2679(d). The title of this action hereby is AMENDED so as to reflect that the sole party defendant herein is the United States of America.

■ The motion of the defendant the United States of America for a dismissal of the plaintiffs' demand for a trial by jury herein hereby is GRANTED. Such demand hereby is STRICKEN. 28 U.S.C. § 2402; *United States v. Neustadt* (1961), 366 U.S. 696, 701, 81 S.Ct. 1294, 6 L.Ed.2d 614, 618, n. 10; *Cates v. United States*, C.A. 6th (1976), 544 F.2d 270, 277; *Moffitt v. United States*, D.C.Tenn. (1976), 430 F.Supp. 34, 38[18]; *McCarter v. United States*, D.C.Tenn. (1973), 373 F.Supp. 1152, 1153[2].

■ It appearing, from the undisputed exhibit submitted by the defendant, that the administrative claim of the plaintiff Mr. Bullion was for the amount of $3,750, the motion of the defendant to limit his claim herein to such amount hereby is GRANTED. 28 U.S.C. § 2675(b).

■ The plaintiff Mrs. Bullion, not having alleged nor demonstrated herein that she has exhausted the administrative claim procedure prescribed by 28 U.S.C. § 2675, which is a jurisdictional prerequisite to the maintenance of this action, the motion of the defendant for a dismissal of her claim herein hereby is GRANTED. Her claim hereby is DISMISSED for lack of the Court's jurisdiction of the subject matter. *Executive Jet Aviation, Inc. v. United States*, C.A. 6th (1974), 507 F.2d 508, 514–515[9].