**Blanche R. SCHUBACH and Robert B. Schubach, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 85–0350 P.**

United States District Court, D. Maine.

April 1, 1987.

Charles H. Abbott, Auburn, Me., for plaintiffs.

David R. Collins, Asst. U.S. Atty., Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF ROBERT B. SCHUBACH AND TO REDUCE AD DAMNUM OF PLAINTIFF BLANCHE R. SCHUBACH

GENE CARTER, District Judge.

This action was commenced by a Complaint filed by Plaintiffs on October 29, 1986, in Count I of which Plaintiff Blanche R. Schubach seeks recovery of damages in the amount of $250,000 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (1982), alleged to have resulted

from a fall sustained by said Plaintiff on November 22, 1985 in the United States Post Office Building located in Oxford, Maine. Count I of the Complaint alleges that said Plaintiff has timely filed a claim with the applicable agency of the United States of America (*i.e.*, the United States Postal Service) which was formally denied on June 26, 1986 by the Postal Service.[1]

■ It appears to be undisputed that the administrative claim filed by Plaintiff Blanche R. Schubach with the United States Postal Service was filed on Standard Form 95 and sought recovery of the amount of $5,031.03 from the Postal Service. It is asserted that this amount represented the total medical bills at the time. Defendant filed its Answer in the instant action on January 9, 1987, and following that filed the pending motion to reduce the *ad damnum* of said Plaintiff to the amount of the previously-filed administrative claim in the amount of $5,031.03.[2] Plaintiff Blanche R. Schubach filed her objection to the Government's motion on January 20, 1987, and at the Order of the Court (by endorsement), the Government filed on February 4, 1987, its response to Plaintiff's objection.

The Government's motion is based upon the provisions of 28 U.S.C. § 2675(b), which reads in full as follows:

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, *except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.*

28 U.S.C. § 2675(b) (emphasis added). Plaintiff contends that she is not bound by the amount of her administrative claim under the language of this section because the increase in her claim as asserted in this suit is "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency."[3]

Plaintiff's factual claim is simply that at the time she filed the administrative claim, she did not consult with counsel and was unaware that she was entitled to recover for her claimed lost wages and pain and suffering resulting from the incident in question. In order for Plaintiff to succeed on the objection, it is necessary that her state of mind in this regard, as altered subsequently by her consultation with counsel, constitute "newly discovered evidence not reasonably discoverable at the time of presenting the claim."

■ After a thorough review of the written submissions of the parties on the Defendant's motion and a study of the per-

---

1. In Count II of the Complaint, Plaintiff Robert B. Schubach seeks to recover damages for loss of consortium and companionship in the amount of $10,000 as the spouse of Plaintiff Blanche R. Schubach. This claim was dismissed by stipulation of the parties, filed with the Court on January 21, 1987. Accordingly, it is not necessary for the Court to address the motion insofar as it relates to Defendant's assertion that the claim of Robert B. Schubach may not be maintained for failure to file a proof of claim as required by the Federal Tort Claims Act.

2. Defendant's failure specifically to raise the *ad damnum* issue in its Answer is no bar to the Court's consideration of the issue. Compliance with section 2675 is jurisdictional, *e.g., Lopez v. United States*, 758 F.2d 806 (1st Cir.1985), and it may therefore be inquired into at any time.

3. In pressing her objection, the Plaintiff has relied entirely upon the newly discovered evidence prong of the statutory language and has not relied to any extent upon the second prong of the statutory language which requires "allegation and proof of intervening facts." The Court does not, therefore, address the implications of this ancillary criterion. In the event, however, the Court were to consider whether that criterion justified the denial of the Government's motion, the Court is satisfied that the only factual showing made out in the Plaintiff's affidavit in support of the objection is that subsequent to the filing and denial of the claim, she consulted with counsel and learned that she was also entitled to recover for claimed lost wages and pain and suffering. In the view of the Court, this is not an "intervening fact" of the type contemplated by the statute as justifying release of a plaintiff from the limitation on suit in the amount of the administrative claim clearly articulated in the first phrase of § 2675(b).

tinent case law, the Court is satisfied that the Government's motion to limit the claim to the amount of the prior administrative claim must be granted. The statutory provision is to be looked at in the context of the overall purpose of the Federal Tort Claims Act, which was to waive the Government's sovereign immunity against suits except to the extent the Government consents therein to such suits. The Federal Tort Claims Act represents the Government's consent to suits by individuals in tort to the extent that those suits comply with the requirements articulated in the Act. Thus, the Act and its provisions represent the limited relinquishment of sovereign immunity and, accordingly, must be strictly interpreted. *See United States v. Sherwood,* 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941) (construing a portion of section 2 of the Tucker Act, now codified at 28 U.S.C. § 1346(a)(2) (1982); *Schillinger v. United States,* 155 U.S. 163, 168–69, 15 S.Ct. 85, 86, 39 L.Ed. 108 (1894). Congress has the absolute discretion to determine in what circumstances it will consent to suit. *See Morgan v. United States,* 14 Wall. 531, 534, 20 L.Ed. 738 (1871).

The provisions of section 2675(b) therefore serve a very important function in that they define the scope of the consent of the Government to be sued in actions sounding in tort. Here, the limitation placed by this section upon such suits restricts them in amount to the amounts claimed in the formal administrative claim which is subject to processing by the federal agency in question. The exception in question permits suits in larger amounts only where newly discovered evidence *not reasonably discoverable at the time of presenting the claim to the federal agency* results in the escalation in the amount of the claim.[4]

The Court is fully satisfied that it cannot be said that the information gained by the Plaintiff in consulting with counsel as to those elements of loss for which she could make claim is newly discovered evidence within the contemplation of the statutory language. Further, even if it is, it is apparent that such information was "reasonably discoverable at the time of presenting the claim" by the simple expedient of consulting with counsel beforehand. Hence, the factual basis asserted for the Plaintiff's objection to the Defendant's motion cannot be said to support a conclusion that the difference in the value of the claim between the $5,031.03 and the amount now claimed of $250,000 results from newly discovered evidence not reasonably discoverable at the time of presenting the claim.[5]

Accordingly, it is hereby *ORDERED* that the Government's Motion to Reduce the *Ad Damnum* of the Plaintiff Blanche R. Schubach be, and it is hereby, *GRANTED;* and that the *ad damnum* in Count I of the Complaint herein be, and it is hereby, *AMENDED* to read as follows:

WHEREFORE, Plaintiff Blanche Schubach demands judgment against Defendant in the sum of Five Thousand Thirty-

---

4. The Court expresses no opinion as to whether a plaintiff in these circumstances may file a second administrative claim alleging a larger *ad damnum* and, in the event such a claim were denied, seek to recover that amount in an action already pending in a federal district court.

5. Plaintiff has placed principal reliance upon the case of *McCarter v. United States,* 373 F.Supp. 1152 (E.D.Tenn.1973). That case is not, of course, binding authority upon this Court and upon careful study of the opinion therein, the Court is unpersuaded as to the rationalogical justification of the result obtained in that case. The court there ruled "that the case under consideration presents exceptional factors as that [sic] would allow plaintiff to claim an amount greater than that which was claimed before the agency." *Id.* at 1153. Such a deter-

mination does not at all square with the specific language of the statute relaxing the limitation upon the amount of a permitted claim and, in the view of this Court, does not give due recognition to the serious purpose of the statutory language in defining the consent of the United States to be sued in tort. Accordingly, the Court rejects the rationale of that case. The Court is of the view that Judge Hoffman succinctly set out the gist of the issue in *Nichols v. United States,* 147 F.Supp. 6, 10, (E.D.Va.1957), when he stated:

The statute, 28 U.S.C. § 2675(b), would be meaningless if claimants, after rejection of their claim, could institute actions for amounts in excess of the claim filed merely because they, or their attorneys, are of the opinion that the claim has a greater value.

One Dollars and Three Cents ($5,031.03) plus interests and costs.