## SMITH v. UNITED STATES.
### Civ. No. 3460.

United States District Court
D. Colorado.
Nov. 23, 1951.

Blood, Silverstein & Torgan, Denver, Colo., and Backman, Backman & Clark, Salt Lake City, Utah, for plaintiff.

Charles S. Vigil, U.S.Atty. for Dist. of Colorado, and Henry E. Lutz, Asst.U.S. Atty. for Dist. of Colorado, Denver, Colo., for defendant.

KNOUS, District Judge.

This matter is before the Court upon the defendant's motion to dismiss the amended complaint.

The plaintiff alleges that his cause of action arises under the Tort Claims Act, Title 28, U.S.C.A. § 1346. The amended complaint pleads that the plaintiff for many years has enjoyed grazing permits issued

by the Secretary of Agriculture which allowed plaintiff to graze 1,100 head of sheep in Routt National Forest in Colorado. It is further recited that on or about January, 1950, the defendant made a wrongful and illegal finding to the effect that some of plaintiff's sheep had trespassed and that thereupon a penalty was imposed reducing the plaintiff's grazing privilege by ten per cent. which thereby allegedly damaged him in the sum of $10,000.

The amended complaint further states that this action was taken without affording the plaintiff a proper hearing and was arbitrary and capricious. Exhaustion of administrative remedies is alleged.

It is prayed that the plaintiff be compensated for his damages and that in addition an order be entered by this Court to compel the government to restore the plaintiff to his former grazing privileges. Thus, two distinct remedies, one for damages and the other for relief in the nature of mandamus, are sought by the plaintiff.

It appears from the presentations of the parties that in ordering the reduction of the plaintiff's grazing permit complained of, the Forest Service proceeded under the regulations promulgated by the Secretary of Agriculture, set out in Title 36 C.F.R., part 231, § 231.6, 1949 edition, which authorizes "the revocation of grazing permits * * * in whole or in part for a clearly established violation of * * * the regulations on which it is based * * *" in conjunction with Title 36 C.F.R., part 261, and particularly Section 261.7 defining and prohibiting trespass attendant to the grazing of livestock.

In support of its motion to dismiss, the government contends, inter alia, that being so premised, the conduct of its agents and employees complained of, falls within the purview of Section 2680(a) Title 28, U.S. C.A., which specifies that the provisions of the Tort Claims Act "shall not apply to * * *

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused."

As the preface to his opposition to this contention, the plaintiff cites section 471, Title 16, U.S.C.A., relating to grazing in national forests and providing for the issuance of rules and regulations in respect thereto which recites: "Any person who shall violate any rule or regulation promulgated under this subdivision shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $500 or imprisoned for not more than one year, or both."

Therefrom plaintiff argues that since the Congress has fixed the penalty for the violation of any national forest rule or regulation involving trespass as a fine and imprisonment, the Secretary is without statutory authority to impose a different or additional penalty for trespass or to promulgate a regulation so permitting. Thus, it is said the regulation relied upon by the government is a nullity and that as a result the acts of the government employees complained of were rendered actionable under the Tort Claims Act.

The Court is unable to concur in this conclusion. By enacting the exception to the Tort Claims Act contained in Title 28 U.S.C.A. § 2680(a) hereinabove quoted, the Congress refused the consent of the United States to be sued for damages which may have been sustained as a result of the action of its agents or employees in the execution of a regulation, *whether valid or invalid.* Thus, in determining whether a claim is within the jurisdiction of the court under the act, the sole question goes to the *existence* of the regulation and not to its *legality or illegality.* Accordingly, their existence being unquestioned, the invalidity of the regulations herein involved, even if established, would not remove the ban interposed by Title 28 U.S.C.A. § 2680(a) supra, and the Court must conclude that it is without jurisdiction to entertain a claim for damages alleged by the plaintiff.

As viewed by the Court, the decisions in Osborne v. United States, 9 Cir., 145 F.2d 895, and Oman v. United States, 10 Cir., 179 F.2d 738, strongly relied upon by the plaintiff, seem in no wise helpful to him.

In Osborne v. United States, supra, the jurisdictional questions herein involved did not attend because the proceeding was not brought under the Tort Claims Act. In Oman v. United States, supra, there was no attempt to revoke grazing permits by the government employees involved but instead they were charged with an outright tortuous interference with plaintiff's grazing rights extrinsic of any promulgated rule or regulation. In these circumstances, the Court of Appeals held that the District Court of Utah had jurisdiction to proceed under the Tort Claims Act. The distinction between that case and the one at bar is most significantly disclosed by the language of the opinion of Judge Murrah in Oman v. United States, 10 Cir., 179 F.2d 738, beginning at [1] at page 740, and continuing under such designation on page 741, to which reference is made.

The Court is further convinced that it is without jurisdiction to entertain plaintiff's prayer for equitable relief. The opinion in Palmer v. Walsh, D.C., 78 F.Supp. 64, presents a keen analysis of the problems which attend in this connection. Therein, after a most complete exploration of the authorities in this field, it was concluded that no federal district court, other than for the District of Columbia, has jurisdiction to issue a mandatory writ of the character sought by the complaint herein. The Court is convinced that the law, as expounded in the Palmer case, supra, resolves the issues posed by the prayer for equitable relief against the plaintiff. See also, Marshall v. Cortty, 1 Cir., 185 F. 2d 622; Money v. Wallin, D.C., 88 F.Supp. 980; McCarthy v. Watt, D.C., 89 F.Supp. 841; Breiner v. Kinskern, D.C., 90 F.Supp. 9; Fredericks v. Rossell, D.C., 95 F.Supp. 754.

It is, therefore, ordered, adjudged and Decreed that the plaintiff's amended complaint and the cause of action therein alleged, be and the same are hereby dismissed without prejudice.