Alfred Heber **POWELL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5259.

United States Court of Appeals Tenth Circuit.

May 21, 1956.

Milton A. Oman, Salt Lake City, Utah, and Zar E. Hayes, Salt Lake City, Utah, on the brief for appellant.

B. Jenkins Middleton, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, Paul A. Sweeney and Ben-·jamin Forman, Attorneys, Department ·of Justice, Washington, D. C., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

Invoking the provisions of the Tort Claims Act, as amended, Alfred Heber Powell instituted this action against the United States for damages and for an injunction. The substance of the cause of action as pleaded in the complaint was that at all times material to the action, plaintiff had been the holder of valid placer mining claims covering approximately 4400 acres of land; that at the time of the institution of the action, he owned title to such land; that plaintiff was engaged in the sheep business; that during the years 1952 and 1953, plaintiff was entitled to the exclusive possession and use of the land covered by the mining claims; that during such years, the agents and employees of the United States issued to persons other than plaintiff permits or licenses to graze livestock upon such land; that plaintiff placed his sheep thereon for grazing; that agents and employees of the United States threatened to initiate trespass proceedings against plaintiff, threatened to cancel grazing permits issued to him covering other land, and threatened to seize and dispose of his livestock, unless he removed his livestock from the land covered by the mining claims; that as the result of such threats, plaintiff was compelled to remove his livestock from such land; and that in doing so he sustained resulting damages. The prayer of the complaint was recovery of monetary damages and an injunction restraining interference with plaintiff's use of the land covered by the mining claims.

By answer, the United States denied that during the years 1952 and 1953, plaintiff was entitled to the exclusive possession of the surface of the land covered by the mining claims for grazing purposes; admitted that upon the issuance of the patent in March, 1954, plaintiff became the owner of such land; and admitted that during a part of the years 1952 and 1953, grazing permits or licenses covering a part of such land were issued to persons other than plaintiff for grazing purposes. And by affirmative defense, the United States pleaded that the cause of action charged in complaint was barred by the provisions of Title 28, section 2680(a), of the United States Code.

After the issues were thus joined, the United States filed in the cause a motion for summary judgment on the ground that according to the complaint the action was based upon the provisions of 28 U.S.C.A. § 1346(b); and that the action was barred by the provisions of 28 U.S.C.A. § 2680(a). To the motion was attached an affidavit of a regional administrator in the Bureau of Land Management, Department of the Interior. It was stated in the affidavit that the affiant was in charge of the administering and supervising of grazing on the surface of public lands located in Colorado and Utah, including the land described in the complaint; that pursuant to the authority granted by the so-called Taylor Grazing Act, 48 Stat. 1269, 43 U.S.C.A. § 315 et seq., the Acting Secretary of the Interior established by order Grazing District No. 7, in the State of Colorado, embracing among other lands the land described in the complaint; that during the years 1952 and 1953, there was in full force and effect in the Bureau of Land Management the administrative practice and policy as to the control and regulation of grazing on the surface of unpatented mining claims, established and operated under the memorandum attached to the affidavit; that during such years the memorandum was a part of the duly established rules, regulations, and directives under which the Bureau of Land Management did control and regulate the grazing of the surface of unpatented mining claims; and that all of the acts performed by the employees of the United States in respect to the grazing of the surface of the unpatented claims described in the complaint were performed pursuant to and in the execution of such rules, regulations, and directives, of which the establishment of Grazing District No. 7 was a part. A copy of the memorandum was attached to the affidavit. It provided among other things that there be established the administrative practice of not recognizing any rights in mining locators to the surface resources, except such as might be required by actual mining purposes; and that permits or licenses to utilize the grazing resources issued under the Taylor Act and the Federal Range Code should include a provision to that effect. The court sustained the motion for summary judgment, and plaintiff appealed.

■ The Tort Claims Act was enacted as Title IV of the Legislative Reorganization Act of 1946, 60 Stat. 842. The pertinent provision of the Act, as amended, 63 Stat. 62, 28 U.S.C.A. § 1346(b) provides that the district courts shall have original jurisdiction of civil actions on claims against the United States for money damages accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death, caused by the negligent or wrongful act or omission of an employee of the Government acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred. The purposes of the Act were to provide judicial redress for death, personal injury, or injury to property, resulting proximately from negligence of agents and employees of the Government; to waive the immunity of the United States to suits for judicial relief in cases of that kind; and thus to relieve congressional committees of the steadily increasing burden of considering special bills for re-

lief in cases of death or injury arising out of such negligence. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

Standing alone, the statute waived in sweeping language the immunity of the Government to suits for damages for death, personal injury, or injury to property, resulting from negligence on the part of an agent or employee of the Government while acting within the scope of his employment, if under similar circumstances a private individual would be liable under the law of the place where the act or omission occurred. United States v. Yellow Cab Co., supra. But it is well within the power and discretion of Congress to limit, restrict, or condition the waiver of immunity of the United States against suits, or to exclude from the scope of the immunity suits upon certain types of claims; and the terms of the waiver determine the jurisdiction of a court to entertain an action against the United States. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Broadway Open Air Theatre v. United States, 4 Cir., 208 F.2d 257.

It was within the range of power and discretion of Congress to limit, restrict, or attach conditions to the waiver of immunity of the United States against suits under the Tort Claims Act, or to exclude from the waiver suits upon claims of a certain kind. And by 28 U.S.C.A. § 2680(a) Congress provided in presently pertinent part that the provisions of such act shall not apply to any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid. For reasons satisfactory unto itself, Congress intended by that provision to protect the Government against the testing of the validity of governmental acts performed under statutes or regulations through the medium of damage suits for tort. Dale-

hite v. United States, supra. The acts of agents and employees of the Government in issuing to others than appellant permits or licenses to graze livestock upon the land embraced within the mining claims, in refusing to permit appellant to graze his livestock on such land, and in requiring him to remove his livestock therefrom, were acts performed in furtherance of applicable statutes and an applicable regulation. And therefore the suit cannot be maintained under the Tort Claims Act for the asserted wrongs pleaded in the complaint. Smith v. United States, D.C., 101 F.Supp. 87, appeal dismissed, 10 Cir., 196 F.2d 222.

In an effort to avoid the impact of 28 U.S.C.A. § 2680(a) excluding from the waiver of immunity created by the Tort Claims Act suits on claims based upon acts or omissions of employees of the Government in the execution of statutes or regulations, appellant urges the contention that the regulation under consideration is confined to land constituting part of the public domain; that at the time the wrongs asserted in the complaint occurred, the land covered by the mining claims was no longer a part of the public domain; and that therefore the acts of the employees of the Government were not performed under or in furtherance of a regulation of the Government. Spelled out, the argument proceeds upon the level that under the law the right of a locator of a placer mining claim to graze livestock upon the land embraced within the claim originates and becomes vested in the locator and his successors in interest at the perfection of the mining claim and continues thereafter until lost by abandonment of the claim or in some other manner; that the memorandum in the nature of a regulation provides that the Government will not recognize in the locator any right to the surface resources except such as may be required for actual mining purposes; and that since the regulation undertakes to refuse to recognize in the locator a right which is vested in him under the law, it does not protect the Government against the recovery of damages even though the

acts of the agents and representatives of the Government in requiring plaintiff to remove his livestock from the land were performed under the regulation. But the acts of the agents and representatives of the Government in requiring plaintiff to remove his livestock were performed under and in furtherance of the regulation. And even though the regulation may be irregular or ineffective in that it essays to recognize the wrong date for the beginning of the right of a locator or his successors in interest to graze livestock upon the land embraced within the mining claim, the acts of the agents and representatives taken under and pursuant to its terms cannot be attacked in an action for the recovery of damages under the Tort Claims Act for the reason that the Government has not by such Act waived its immunity to such a suit.

The judgment is affirmed.