**UNITED STATES of America,**
**Appellant,**

v.

**Frederick K. GREGORY, Appellee.**

**No. 6786.**

United States Court of Appeals
Tenth Circuit.

Feb. 1, 1962.

Rehearing Denied March 16, 1962.

**12**

Elizabeth Dudley, Washington, D. C. (Ramsey Clark, Washington, D. C., John Quinn, Albuquerque, N. M., and Roger P. Marquis, Washington, D. C., were with her on brief), for appellant.

A. T. Hannett, Albuquerque, N. M. (George W. Hannett, Albuquerque, N. M., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment awarding appellee damages as a result of drainage of certain ponds located upon his 14.7-acre tract in the Middle Rio Grande area of New Mexico. The tract is surrounded by canals and ditches originally constructed by a conservancy agency of the State of New Mexico. The ponds in question were created by the seepage of water from the surrounding irrigation canals into hollows dug by appellee's predecessor. Appellee had stocked the ponds with fish and frogs in order to carry on a licensed commercial business.

The United States acquired the operation and control of these conservation facilities as a part of an extensive irrigation project pursuant to specific Congressional authorization (Acts of June 30, 1948, 62 Stat. 1171; and May 17, 1950, 64 Stat. 163, 176). In the efficient operation of the project the United States, acting through the Bureau of Reclamation, dredged and removed from the canals and ditches the silt and deposits which had accumulated therein over the years. As a natural consequence of these dredging operations, the water in appellee's ponds seeped back into the irrigation canals and the ponds were emptied.

In determining liability, the trial court cited a New Mexico statute making it a misdemeanor to lessen or divert the flow of water so as to detrimentally affect the game fish in a "stream, reservoir, lake or body of water" (53–4–12, N.M. S.A., 1953 Comp.), and concluded "(T)hat the act of the defendant in draining the plaintiff's property of all water, destroying plaintiff's fish and frogs, and leaving the plaintiff's land an arid desert land, constitutes negligence per se and offends the Constitutional rights of the plaintiff; and that "(P)roperty is taken by the Government in the sense of the provision of the Fifth Amendment that private property shall not be taken for public use without just compensation, when inroads are made upon an owner's use of it to an extent that, as between private parties, a servitude would have been created." It is not readily discernible from these conclusions whether the judgment is based upon the court's jurisdiction under the Federal Tort Claims Act (28 U.S.C.A. § 1346(b)), or upon a theory of condemnation under the Tucker Act (28 U.S. C.A. § 1346(a) (2)), or upon a combination of both. But in any event, the award is proper if entered pursuant to any legally sustainable theory supported by proof. United States v. Martin (10 C.A.) 267 F.2d 764.

The Tort Claims Act was designed to render the United States liable for its torts essentially in the same manner and to the same extent as an individual, in like circumstances, under the law of the place where the wrong occurred. Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354. But liability under the Act is not carte blanche. The United States is liable, as an individual, only in the manner and to the extent to which it has consented. Powell v. United States (10 C.A.) 233 F.2d 851, 854. It

does not, ipso facto, become liable merely because its acts, if committed by a private person, would have contravened some statute, rule or regulation rendering such person tortiously liable. Indeed, the consensual provisions of the Act are made expressly inapplicable to any claim " * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Government, whether or not the discretion involved be abused." 60 Stat. 845, § 421(a). There is, apparently, a rather nebulous area of liability at the so-called "operational level" of even a "discretionary function." See Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427; Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48. The distinction between immunized abuse of discretion and liability for negligent or wrongful acts at the "operational level" has not been drawn with any degree of clarity, though it has been suggested that it should not involve anything "so finespun and capricious as to be * * * incapable of * * * adequate formulation." See Indian Towing Co. v. United States, supra, p. 68, 76 S.Ct. p. 126. But, attempted formulation is unnecessary here, for our facts fall clearly within the area of the exempted "discretionary function."

■ This judgment is based squarely upon proof of damages solely attributable to the loss of water caused by the renovation of the canals,[1] which, in its purest sense, was entirely "discretionary" within the meaning of Section 421(a), supra. Cf. Coates v. United States (8CA) 181 F.2d 816; United States v. Ure (9CA) 225 F.2d 709. The judgment is in no wise based upon proof of any diminution of property value resulting from "operational level" acts such as the record proof of the piling of dirt on appellee's land, the destruction of access roads and a bridge, and the killing of one of appellee's steers.

■ The only remaining theory upon which the liability, as determined by the trial court, may rest is for a governmental taking of private property for public purposes. Assuming, without deciding, that the trial court correctly concluded that the draining of the ponds amounted to a constitutionally compensable taking, the procedure for obtaining the "just compensation" vouchsafed appellee by the Fifth Amendment is set forth in the Tucker Act. United States v. Martin, supra. The jurisdiction of that court over Tucker Act litigation is confined, however, to claims not exceeding $10,000.00. 28 U.S.C.A. § 1346 (a) (2).

Since, as we hold, this judgment is not based upon any compensable negligent acts, and since the judgment exceeds the Tucker Act jurisdiction of the trial court, it must be and is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

---

1. The trial court adopted, in toto, the following damage values, testified to by appellee's appraiser:

| | | |
|---|---|---|
| Water rights | | $ 6,300.00 |
| Grazing which would be affected by the loss of water | | 9,000.00 |
| Loss of fish | | 2,400.00 |
| Loss of frogs | | 1,000.00 |
| Value of land and improvements: | | |
|     Before loss of water | $16,000.00 | |
|     After loss of water | 1,000.00 | |
|     Damage to land and improvements | | 15,000.00 |
| Loss of business | | 1.00 |
| | Total | $33,401.00 |