**SPILLWAY MARINA, INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. W–4091.**

United States District Court,
D. Kansas.

March 4, 1970.

---

Paul L. Aylward, Miner & Aylward, Ellsworth, Kan., for plaintiff.

Bernard Borst, Asst. U. S. Atty., Wichita, Kan., Morton Hollander, Chief, Appellate Section, Department of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

THEIS, District Judge.

The plaintiff, Spillway Marina, Inc., has filed a complaint alleging that the defendant caused it to be damaged in the amount of $47,541.83. The defendant has filed a motion for summary judgment asserting, inter alia, that this Court lacks jurisdiction to entertain the suit. Since the Court has found that it does lack jurisdiction over the alleged tort complained of by the plaintiff, it will be unnecessary, and would be improper, to reach the merits of the controversy by deciding the other issues raised by the defendant in its motion for summary judgment. For the reasons stated below, the proper disposition of the action is dismissal for want of jurisdiction.

A brief statement of the facts giving rise to the dispute is necessary. In 1961, the defendant granted a license to the State of Kansas for the purpose of constructing and operating a state recreational park at Tuttle Creek

Reservoir. The plaintiff, Spillway Marina, Inc., owns and operates a marina at this reservoir under a concession agreement with the Kansas Park and Resources Authority, who are licensees of the defendant. During the fall of 1966, the Army Corps of Engineers drew down the water level at the reservoir. It is this drawdown that forms the basis for plaintiff's action.

In its complaint the plaintiff avers that the drawdown of the water level was done " * * * without authority by the Corps of Engineers, without warning to the plaintiff, and in violation of plaintiff's concession agreement with the Kansas State Park & Resources Authority."

Jurisdiction is predicated on 28 U.S. C.A. §§ 1346(b) and 2674 et seq. (The Federal Tort Claims Act.) The defendant asserts that this Court lacks jurisdiction because of 28 U.S.C.A. § 2680 (a), which precludes any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." This exception applies regardless of "whether or not the discretion involved be abused." 28 U.S.C.A. § 2680(a).

■ It rests with the United States Congress to determine "not only whether the United States may be sued, but in what courts the suit may be brought." State of Minnesota v. United States, 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1938). In a case such as this, the plaintiff must bring his claim within the jurisdictional limits of the Court. Konecny v. United States, 388 F.2d 59, 62 (8th Cir. 1967). Therefore, if it can be said that the lowering of the water level which plaintiff asserts caused its injury was a discretionary function on the part of the defendant, this Court must dismiss the action for lack of jurisdiction. In other words, "[I]f the acts complained of find their basis in 'the exercise or performance or the failure to exercise or perform a discretionary function or duty,' then the exception is applicable and the motion to dismiss must be granted." Olson v. United States, 93 F.Supp. 150 (D.C.N.D.1950). This is so even if the discretion was abused by the defendant.

If it appears that the defendant had the authority to regulate the water level at Tuttle Creek and that the exercise of this authority was a discretionary function, the Government must prevail. Affidavits attached to the defendant's motion show that the purpose of the drawdown was to facilitate navigation on the Missouri River. The authority for the Corps of Engineers to act in this capacity is found in 33 U.S.C.A. §§ 701–1(b) and 701b. Plaintiff argues in its briefs that 701–1(b) nullifies governmental authority for the drawdown for navigation here. The Court is not impressed with this contention. The statute, on its face, does not include recreational purposes as one of the beneficial consumptive uses, and court decisions have held that state permission is not a valid condition precedent to necessary government action in the navigation area.

■ It would be difficult to conceive of any governmental activity more clearly discretionary than the decision of the defendant to lower the level of Tuttle Creek Reservoir to aid navigation on the Missouri River. Certainly the acts complained of by the plaintiff find their basis in the exercise of a discretionary function. Olson v. United States, supra.

There are numerous cases wherein the courts have held similar activity on the part of the government to be discretionary. Activities in carrying out a flood control project which caused an increase in the flow of water with a resultant washing of the plaintiff's shore line have been held to be discretionary and thereby within the exception contemplated by 28 U.S.C.A. § 2680(a). Konecny v. United States, supra. The Court of Appeals for the Tenth Circuit has held that the Government's actions in dredging certain irrigation canals were discretionary, even though it allowed water from the plaintiff's ponds to empty into the canal due to its increased depth,

thereby causing the drying of plaintiff's ponds. United States v. Gregory, 300 F.2d 11 (10th Cir. 1962).

As stated in Olson v. United States, supra:

> "*When* flood waters are to be released and *how much* water is to be released certainly calls for the exercise of judgment; in other words, the performance of a discretionary function."

It is probable that persons using the Missouri River would not agree with the plaintiff as to the amount of water to be released. If the decision to raise or lower the water were not a discretionary function exempt under statute, the entire program of federal flood control and improvement of navigable waters would be hampered due to the Government's inability to regulate the storage and flow of waters without being subjected to liability because it had an adverse effect on some individual.

■ The legislative history of the "discretionary function or duty" exception shows that it was expressly designed to preclude any possibility that the Tort Claims Act might be construed to authorize suits for damages arising out of an authorized activity, such as flood control or irrigation projects. The fact that the same conduct by a private person would be tortious will not subject the Government to liability. Coates v. United States, 181 F.2d 816 (8th Cir. 1950).

The best that the plaintiff could hope to do, assuming the truthfulness of all its allegations, is prove an abuse of the discretion granted the defendant. Even if the defendant abused its discretion by drawing the water level too low, the Government cannot be held to respond in damages because the abuse of discretion is likewise specifically excluded by 28 U.S.C.A. § 2680(a). Cf., Thomas v. United States, 81 F.Supp. 881 (W.D.Mo. 1949).

The plaintiff, in oral argument to the Court and in its brief opposing the Government's motion, attempts to assert the distinction that it was the lack of notice which caused its damage, rather than the actual lowering of the reservoir. This position is untenable. The decision of when to lower the reservoir, and how much to lower it, is one which depends upon a great number of variable factors, such as navigation conditions and needs, irrigation requirements, rainfall, etc. This decision must be made and altered from day to day, if not oftener. It would be inaccurate, if not impossible, to predict what action might be taken at some future date. Likewise, it would be equally difficult to predict the water level of the reservoir at some future date. Further, to argue whether the act of the lowering of the water level, or the failure of specific notice thereof, is the negligent act, is an exercise in semantics, since both are part of the total conduct within the statutory connotation of a discretionary function.

It also appears from the affidavits attached to the Government's motion that daily water levels were published in a local newspaper and broadcast over an area radio station.

Because of the foregoing, the Court finds the defendant's motion for summary judgment should be sustained, that this Court lacks jurisdiction, and the plaintiff's action must be dismissed. As stated previously, in view of this holding, it becomes unnecessary to reach other contentions of the United States as to why this is not a meritorious action.

It is therefore ordered that defendant's motion for summary judgment be sustained, that the action be dismissed for the reasons stated herein, and that the costs herein be assessed to the plaintiff. The Clerk shall enter judgment in accordance with this order without further journal entry.