SPILLWAY MARINA, INC., Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 439–70.

United States Court of Appeals,
Tenth Circuit.

July 6, 1971.

Paul L. Aylward, Ellsworth, Kan. (Ron Svaty and Miner & Aylward, Ellsworth, Kan., on the brief), for plaintiff-appellant.

Raymond D. Battocchi, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Robert J. Roth, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The marina of plaintiff-appellant Spillway Marina, Inc., was damaged by the drawdown of the water level of Tuttle Creek Reservoir in Kansas. Spillway sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680. The district court held that it was without jurisdiction because the drawdown was within the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and, on the

government's motion for summary judgment, dismissed the action.

Tuttle Creek Reservoir, a project of the United States Army Corps of Engineers, was authorized by Public Law 761, 75th Cong., approved June 28, 1938, 52 Stat. 1215. The reservoir is formed by a dam on the Big Blue River. The primary purpose of the project is flood control. Stored water can be released for quality control on the Kansas River and to assist navigation on the Missouri River. The reservoir is also used for fish and wildlife conservation and for recreation. Under the authority given by 16 U.S.C. § 460d, the Secretary of the Army gave to the Kansas State Park and Resources Authority, a state agency, a license to use the area for a state recreational park. The license requires the licensee to hold · the United States harmless for damages to property which might arise from the exercise of the privileges granted. The state agency gave Spillway a concession to operate a floating boat dock and other facilities at a designated location in the reservoir area. The concessionaire agreed to indemnify the state agency for losses arising from damage to property in connection with the operation of the concession.

Tuttle Creek Reservoir went into operation in 1962. Normal reservoir level is near elevation 1,075 feet except when storage is accumulated above that level for flood control purposes and when withdrawals for Missouri River navigation are required. In the fall of 1966, and after the end of the summer recreational season, the release of water was necessary for navigation on the Missouri and brought the level down to 1,064 feet. At the time there were extreme drought conditions in the reservoir basin area. The Corps of Engineers decided to take advantage of the low water to extend certain boat ramps, install additional boat ramps, and do other work. There was an additional release of water, which "could be used immediately for navigation," to 1,060.93 feet. The work was completed in February, 1967, and the storage was up to the conservation level by June 11, 1967.

The complaint alleges that the drawdown damaged the dock facilities of Spillway, and that the drawdown was done without authority, without warning, and in violation of the plaintiff's concession agreement. The question is whether the drawdown was within the discretionary function exclusion of FTCA.

■ Under the FTCA the United States is liable as an individual "only in the manner and to the extent to which it has consented." United States v. Gregory, 10 Cir., 300 F.2d 11, 12; see also Powell v. United States, 10 Cir., 233 F. 2d 851, 854. The consenting provisions of the Act are expressly made inapplicable to any claim " * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

■ The district court held that:

"It would be difficult to conceive of any governmental activity more clearly discretionary than the decision of the defendant to lower the level of Tuttle Creek Reservoir to aid navigation on the Missouri River. Certainly the acts complained of by the plaintiff find their basis in the exercise of a discretionary function." 330 F.Supp. 612.

Support for this ruling is found in a number of decisions considering FTCA suits. See United States v. Gregory, 10 Cir., 300 F.2d 11 (Bureau of Reclamation project); Powell v. United States, 10 Cir., 233 F.2d 851 (issuance of grazing permits); Konecny v. United States, 8 Cir., 388 F.2d 59 (flood control project); United States v. Ure, 9 Cir., 225 F.2d 709 (Bureau of Reclamation project); · and Coates v. United States, 8 Cir., 181 F.2d 816 (navigation project).

■ In its presentation to this court, Spillway has abandoned the argument

that the drawdown was unauthorized and places sole reliance on the proposition that the United States was negligent in failing to warn that the drawdown would occur. It urges that warning could have been given and that nothing in the record excuses the failure to warn.

Decisions dealing with the discretionary function exclusion have drawn a distinction between negligence at the operational level and the exercise of the discretionary function. See Dalehite v. United States, 346 U.S. 15, 42, 73 S.Ct. 956, 97 L.Ed. 1427, Indian Towing Co., Inc. v. United States, 350 U.S. 61, 64, 76 S.Ct. 122, 100 L.Ed. 48, and United Air Lines, Inc. v. Wiener, 9 Cir., 335 F.2d 379, 392–393, cert. denied 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549. We are aware of only one case bearing on failure to warn. That case is Indian Towing, supra, in which a tug went aground because of the failure of a light in a lighthouse operated by the Coast Guard. The specific acts of negligence related to the failure to check and repair the systems which operated the light. The Court held that the decision to undertake the lighthouse service was the exercise of a discretionary function and that, after reliance on the light had been engendered, the Coast Guard had the duty to determine if the light was working and, if not, to either repair or give warning. 350 U.S. at 69, 76 S.Ct. 122. The duty to repair, or to give warning, when a directional light fails is within the concept of negligence at the operational level.

The case at bar presents a different situation. The discretionary function did not stop in the decision to construct Tuttle Creek Reservoir. It continued because the storage and release of water was directly related to the attainment of the objectives sought by the reservoir construction. Decisions of when to release and when to store required the use of discretion.

The argument of Spillway goes to the manner of exercise of a discretionary function. The exclusion of the function from the consent to suit makes immaterial the manner in which it is exercised. At most, the manner of exercise relates to a possible abuse of discretion in the performance of the excluded function. Section 2680(a) specifically provides that the exclusion applies "whether or not the discretion involved be abused."

The trial court said that the decision to lower the water level, and how much, "depends upon a great number of variable factors, such as navigation conditions and needs, irrigation requirements, rainfall, etc." Spillway argues that this statement injects fact issues which cannot be disposed of on summary judgment. In support of its motion, the government presented the affidavits of two officials of the Corps of Engineers stating the reasons for the drawdowns. The only showing in opposition was the affidavit of the manager of Spillway that he attempted to ascertain from the Corps its intent as to drawdowns, that he was told that the information was not available, and that he warned the Corps that further drawdowns would damage Spillway's marina.

■■■ Courts take judicial notice of facts which are generally known and accepted. Mills v. Denver Tramway Corporation, 10 Cir., 155 F.2d 808, 811–812. This rule applies to general climatic conditions. See United States v. Otley, 9 Cir., 127 F.2d 988, 999; Hydrocarbon Production Co., Inc. v. Valley Acres Water Dist., 5 Cir., 204 F.2d 212, 217, cert. denied 346 U.S. 825, 74 S.Ct. 44, 98 L. Ed. 350; and Rashaw v. Central Vermont Ry., Inc., 2 Cir., 133 F.2d 253, 255. In recognizing the variable factors bearing on navigation requirements and on the storage and release of water from the reservoir operated for flood control and navigation purposes, the court was concerned with matters of common knowledge. The record presents no factual disputes which would preclude summary judgment.

Affirmed.