George **HOOPER** et al.

v.

**UNITED STATES of America** et al.

Civ. No. 14045.

United States District Court,
D. Connecticut.

July 28, 1971.

Edward G. Burstein, Burstein, Goldman & Rosen, Bridgeport, Conn., for plaintiffs.

John D. Fassett, William C. Baskin, Jr., Wiggin & Dana, New Haven, Conn. for U. I. Co.

Robert K. Killian, Atty. Gen., Brian E. O'Neill, Asst. Atty. Gen., Hartford, Conn., for State of Conn.

J. Edward Caldwell, Bridgeport, Conn., for City of Bridgeport.

Michael J. Pangia, Washington, D. C. (Gilbert S. Fleischer, Attorney-in-Charge, U. S. Dept. of Justice, Admiralty and Shipping Section, and Stewart H. Jones, U. S. Atty.) for the United States.

RULING ON MOTIONS OF DEFENDANTS UNITED STATES OF AMERICA AND UNITED ILLUMINATING COMPANY TO DISMISS THE COMPLAINT

ZAMPANO, District Judge.

The plaintiffs, having filed a complaint in which they seek to recover $500,000,000 damages allegedly incurred as a result of the construction of a power generating station in the area where they had previously moored their boats; and

Defendants United States of America and United Illuminating Company having moved to dismiss the complaint; and

The Court being of the opinion that the motions should be granted for the following reasons:

1. There is no statutory authority for an action for money damages against the United States for the loss of the use of this docking facility. The scope of judicial review provided by the Administrative Procedures Act clearly does not include an award of money damages. 5 U.S.C. § 706. In addition, the action of the Army Corps of Engineers in issuing a permit for the construction of the power station was discretionary and, therefore, may not render the United States liable under the Federal Tort Claims Act. See 28 U.S.C. § 2680 (a); see also Boston Edison Co. v. Great Lakes Dredge & Dock Co., 423 F.2d 891 (1 Cir. 1970). In the absence of statutory authority the United States is not subject to suit. See Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941);

2. This Court has no jurisdiction over the plaintiffs' action against

the United Illuminating Company. Since all the plaintiffs and the United Illuminating Company are residents of Connecticut, jurisdiction may not rest upon diversity of citizenship under 28 U.S.C. 1332. The Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. §§ 401 et seq., does not create a new civil remedy and cannot be the basis for this Court's jurisdiction. See Red Star Tow. & Transp. Co. v. Department of Transp., 423 F.2d 104 (3 Cir. 1970);

3. Since the alleged wrongful acts concern the use of docking facilities, jurisdiction may not be grounded in admiralty under 28 U.S.C. § 1333. See O'Connor & Co. v. City of Pascagoula, 304 F.Supp. 681, 684 (S.D.Miss.1969); Sanderlin v. Old Dominion Stevedoring Corp., 261 F.Supp. 281 (E.D.Va.1966), rev'd on other grounds, 385 F.2d 79 (4 Cir. 1967); it is therefore

Ordered that the defendants' motions to dismiss be, and the same hereby are, granted.