J. Emory MORRIS, Plaintiff,

v.

**TENNESSEE VALLEY AUTHORITY,**
**Defendant.**

**Civ. A. No. 70–949.**

United States District Court,
N. D. Alabama,
Northwestern Division.

July 7, 1972.

E. B. Haltom, Jr., of Haltom & Patterson, Florence, Ala., for plaintiff.

Robert H. Marquis, Gen. Counsel, Thomas A. Pedersen, Sol., Lewis E. Wallace and Beauchamp E. Brogan, Assts. Gen. Counsel T. V. A., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

LYNNE, Chief Judge.

Plaintiff is the owner of property in Lauderdale County, Alabama, which fronts on Shoals Creek Inlet, an embayment of Wilson Reservoir. Defendant Tennessee Valley Authority (TVA) is a corporate agency of the Federal Government charged with responsibility for, among other things, constructing and operating dams and reservoirs in the Tennessee River and its tributaries. Sections 4(j), 9a of TVA Act; 16 U.S. C.A. §§ 831c(j), 831h–1.

Wilson Dam (also known as Dam No. 2) was built by the Corps of Engineers, U. S. Army. In connection with such construction, the United States acquired flowage easements with the right to permanently flood up to the 505 contour along Shoals Creek Inlet, together with the right to remove debris from land below that contour. In 1933, custody and control of Wilson Dam and Reservoir and of the Government's related land and land rights were transferred to TVA by section 7 of the TVA Act, 16 U.S.C.A. § 831f. Plaintiff alleges that TVA's operation of Wilson Dam and Reservoir causes the waters of the reservoir to rise and fall, and that this in turn causes logs, debris, trash, filth, and other refuse matter to accumulate in and pollute the sloughs of the inlet below the 505-foot contour, and on occasion to float into the main channel of the inlet and become a hazard to navigation. Plaintiff seeks a permanent injunction requiring TVA to cleanse the sloughs and keep them cleansed, and enjoining it from permitting debris to float on the waters of the inlet.

Plaintiff's claim is based on the contentions that TVA's actions in operating Wilson Dam constitute a nuisance; a misuse or overuse of its easement rights; and a violation of 33 U.S.C.A. §§ 403, 407 and 409 (which are portions of the Rivers and Harbors Act of 1899). TVA answered and moved for summary judgment. During oral argument on the motion, plaintiff moved to amend his complaint to allege as an additional basis for the relief sought a violation by TVA of "the substantive and procedural requirements of the National Environmental Policy Act of 1969" (NEPA), 42 U.S.C.A. §§ 4321–4347 (1970).

From the pleadings, affidavits, briefs and statements of counsel at the argument on TVA's motion, it is clear and undisputed that TVA's operation of Wilson Dam and Reservoir and the resulting fluctuations in the water level of the reservoir represent a planned operational cycle for the purposes of promoting navigation, controlling floods, and producing electric energy pursuant to sections 4(j) and 9a of the TVA Act, 16 U.S.C.A. §§ 831c(j), 831h–1. Section 9a states that:

The Board is *directed* in the operation of any dam or reservoir in its possession and control *to regulate the stream flow* primarily for the purposes of *promoting navigation and controlling floods.* So far as may be consistent with such purposes, the Board is authorized to provide and operate facilities for the *generation of electric energy* at any such dam for

the use of the Corporation [emphasis added].

It is also undisputed that TVA did not place in the reservoir the logs, debris, and other matter of which plaintiff complains, and that no flooding or accumulation of debris has occurred above the 505-foot contour.

 TVA's motion for summary judgment is based primarily on the contention that its fluctuation of reservoir water levels in carrying out its water control functions as directed by statute represents an exercise of discretionary governmental authority which is not subject to judicial review. The Court agrees. Twenty-five years ago this Court stated in Atchley v. Tennessee Valley Authority, 69 F.Supp. 952 (N.D. Ala.1947):

" . . . Congress did not intend that the defendant [TVA] be liable in damages in connection with its handling and manipulating of the waters placed in its control. Any other idea would be quite contrary to public policy" [Grant v. Tennessee Valley Authority, [D.C.] 49 F.Supp. 564, 566].

* * * * * *

It has long been settled law that the Federal Government, its agencies and instrumentalities, are not liable for consequential damages arising out of the construction or operation of a navigation improvement. The doctrine of non-liability for consequential damages not amounting to a taking . . . applies whether the alleged liability is predicated on nuisance, negligence or other tortious conduct.

* * * * * *

Congress has laid down in section 9a of the TVA Act, 16 U.S.C.A. § 831h–1, the broad policy to be followed by the corporation in the operation of its multipurpose projects, but it has wisely left to the corporation wide discretion as to the details of operation. Cf. United States v. Welch, 1946, 327 U.S. 546, 553, 66 S.Ct. 715. . . . I am convinced that Congress did not intend that discretion to be controlled by the courts. . . .

The present case comes clearly within the principle that the performance by executive officers of discretionary governmental duties entrusted to them by statute is not subject to judicial review. This principle has been reiterated time and again in mandamus proceedings to compel executive action, in injunction suits to prevent executive action, and in actions such as that at bar for damages claimed to have resulted from executive action [pp. 953–55].

Similarly, in Lynn v. United States, 110 F.2d 586 (5th Cir. 1940), the court, in holding TVA not liable for the consequence of its manipulating of the waters under its control, held:

It must also be concluded that the Tennessee Valley Authority is not liable. In the erection of dams it is only an agency of the United States. The dams it builds belong to the United States and cannot be sold by it. 16 U.S.C.A. § 831c(h) (i) (k). What this agent does about them under the authority of the United States is justified if the United States could rightly have done it directly. The petition expressly alleges that what Tennessee Valley Authority has done in raising the river was "under the power and authority of the United States expressed in said Tennessee Valley Act." The improvement of the river is not a tort which is unlawful, but an act which the United States had the right to do and had commanded this agent to do. It is not a question of liability to or immunity from suit, but of whether the thing done was lawful or unlawful. We think it was lawful, and since appellant's property was not taken the damage must be borne so far as relief in the courts is concerned [p. 590].

See also Spillway Marina, Inc. v. United States, 445 F.2d 876 (10th Cir. 1971) It follows that the plaintiff's claim based on alleged nuisance must fail. "That cannot be a nuisance . . . which the law authorizes." Transporta-

tion Co. v. Chicago (1878), 99 U.S. 635, at 640, 25 L.Ed. 336.

■ Plaintiff's claim of misuse of the Government's easement rights is actually one based on non-use. As previously stated, the Government has admittedly not flooded any of plaintiff's land above the 505-foot contour. Under the easement TVA has the right to clean up accumulated debris. The Court knows of no principle of law which would convert that right into a duty or make the easement owner liable for failure fully to exercise the rights which the easement gives him.

■ Those sections of the Rivers and Harbors Act of 1899 relied on by plaintiff are inapplicable, since TVA admittedly did not deposit the debris of which plaintiff complains into the reservoir. Moreover, the operation of TVA's dams and reservoirs is exempt from that act. Section 28 of the TVA Act provides:

All acts or parts of acts in conflict with this chapter are repealed, so far as they affect the operations contemplated by this chapter [16 U.S.C.A. § 831aa].

Finally, this Court only recently held that the Rivers and Harbors Act is a criminal statute enforceable only by the Department of Justice and creates no right of action in private individuals for damages or injunctions to enforce its provisions. Guthrie v. Alabama By-Products Co., 328 F.Supp. 1140 (N.D. Ala.1971), aff'd, 456 F.2d 1294 (5th Cir. 1972). *Accord,* Red Star Tow. & Transp. Co. v. Department of Transp. of New Jersey, 423 F.2d 104 (3d Cir. 1970); Bass Anglers Sportsman's Soc. v. Scholze Tannery, Inc., 329 F.Supp. 339 (E.D.Tenn.1971); Hooper v. United States, 331 F.Supp. 1056 (D.Conn.1971).

■ As to NEPA, it contains no provision which would engender liability in this action. It is settled that this Act creates only procedural and not substantive rights. Upper Pecos Ass'n v. Stans, 452 F.2d 1233, 1236 (10th Cir. 1971);

Conservation Council v. Froehlke, 340 F.Supp. 222 (M.D.N.C.1972), aff'd, F.2d 4 ERC 1044 (4th Cir. 1972); and Environmental Defense Fund v. Corps. of Eng. of United States Army, 325 F. Supp. 749, 755 (E.D.Ark.1971).

■ The procedural requirements of NEPA are contained in section 102(2)(C), 42 U.S.C.A. § 4332(2)(C) which provides in pertinent part that:

The Congress authorizes and directs that, to the fullest extent possible . . . all agencies of the Federal Government shall . . . include in every recommendation or report on *proposals for legislation and other major Federal actions* significantly affecting the quality of the human environment, a detailed statement by the responsible official on [impacts and effects of the *proposed* action] (emphasis added).

Here, TVA has made no proposal for such a major action (nor has it taken any such major action) with respect to the matters involved in this case since NEPA became law on January 1, 1970. TVA has simply continued to operate its dams, including Wilson Dam, in accordance with the statutory directive contained in section 9a of the TVA Act. NEPA has no application to agency actions settled long before NEPA's enactment. Pennsylvania Environmental Council, Inc. v. Bartlett, 454 F.2d 613 (3d Cir. 1971), aff'd, 315 F.Supp. 238 (M.D.Pa.1970); Greene County Planning Bd. v. Federal Power Comm'n, 455 F.2d 412 (2d Cir. 1972); San Francisco Tomorrow v. Romney, 342 F.Supp. 77 (N.D.Cal.1972).

For the foregoing reasons, the Court concludes that there is no genuine issue as to any material fact, that NEPA is not applicable, and that TVA is entitled to judgment as a matter of law. Plaintiff's motion to amend is accordingly denied, and TVA's motion for summary judgment sustained. A judgment will be entered for defendant with costs.